THOMPSON, J„
 

 This suit is for damages caused to an automobile of plaintiff by a collision with a motor truck of the defendant.
 

 The district judge found for the plaintiff, and gave him judgment for $200. The Court of Appeal reversed that judgment, and dismissed plaintiff’s suit.
 

 No exception was filed to the petition, either in the district court or- the Court of Appeal, but in the latter court it was contended by the defendant that the petition failed to allege, and that there was no proof going to show, that the driver of the truck, an admitted employee of the defendant, was, at the time of the collision, acting within the scope of his employment.
 

 This view seems to have been adopted by the Court of Appeal, for plaintiff’s demand was rejected upon the theory that there was lacking both allegation and proof to render the defendant liable for the acts of its employee.
 

 The principle of respondeat superior is well recognized, and has been frequently considered and applied in this state, so that there is no longer any question but that the master is responsible for the act of his servant, if the particular act of the servant which causes the injury be within the scope of his employment.
 

 • The Code itself provides that masters and employers are answerable for the damage occasioned by their servants and overseers, in the exercise of the functions in which they are employed. Article 2320, C. C.
 

 The rule thus provided has been held to apply to the relation between an owner of an automobile and his chauffeur. Valley v. Clay, 151 La. 710, 92 So. 308.
 

 The sole question presented in this case is therefore whether the plaintiff, by allegation and proof or by reasonable implication and presumption, has brought his ease within the recognized rule.
 

 The petition alleges in the various paragraphs that the plaintiff, while driving his automobile on Irving place at a point 150 feet south of the intersection of Jordan street and Irving place, in the city of Shreveport, collided with a truck belonging to the Yellow Cab Company, Inc.; that, at the time of said collision, the truck was operated and was being driven by an employee of the said Yellow Cab Company, Inc.; that the truck was standing in the middle of the street, and had no tail-light that could be seen by the petitioner; that it- was gross carelessness and want of due and proper care on the part of those in charge of said truck to have the said truck standing near the middle of the street; and that it was gross carelessness and negligence on the part of said operators to have no tail-light or other warning sign on said truck; that the collision between plaintiff’s car and the truck of the said Yellow Cab Company was due to thé gross carelessness and fault of those in charge of the said truck; and that the petitioner in no way contributed to the accident.
 

 The ' defendant answered, admitting that plaintiff’s car collided with a truck owned by defendant, and that said truck was being operated and driven by an employee of the Yellow Cab Company. It was denied, how-, ever, that the truck was parked in the middle of the street, and it was also denied that the truck was without a tail-light. The answer alleged affirmatively that the defendant was not guilty of negligence in any manner; that at the time of the collision the
 
 *923
 
 defendant’s truck was properly parked on the right-hand side of the street, and had a taillight and other lights burning and in good working order.
 

 It was further alleged that the collision was due solely and only to the gross fault, carelessness, and negligence of the plaintiff, who ran into the rear end of the truck owned by defendant while the same was properly parked at the right-hand side of the street with all lights burning, and that defendant in no way contributed to the occurrence of said collision.
 

 It was shown on the trial of the case that the defendant’s truck was left by the driver parked in the street midway between the two curbs. There was no tail-light on the truck or any other light to indicate the presence of the truck in the center of the street. The night was dark, and it was raining.
 

 The plaintiff was proceeding down Irving place when he suddenly discovered the truck parked directly in his path, but not in time to stop his car and avoid the collision.
 

 He applied his brakes, but his car crashed into the rear end of the truck, and was badly damaged.
 

 The plaintiff asked the driver what he was doing parking in the middle of the street without lights, when the driver replied that he thought the lights were burning. The driver further said that he had just stopped for a moment under the arc light to read his instructions — to read the address of the house to which he was going.
 

 The driver of the truck was not placed on the stand as a witness, and there is no intimation or suggestion in the record that the truck was being used, or had been used, by the driver for any business of his own or for purposes not within the scope of his employment. Indeed, the fair presumption from the statement made by the driver when asked why he had stopped in the middle of the street without lights is that he was engaged in his master’s business in making delivery under instructions given him by his master.
 

 The Court of Appeal seems to have rested its conclusion solely on the admission of the defendant that the truck belonged to the defendant, and that the driver was an employee of defendant, without considering oth'er allegations of fact contained in the answer as well as the evidence in the record.
 

 When the petition and answer are considered as a whole in connection with the evidence, we are clearly of the opinion that the plaintiff has brought his case well within the rule that masters are answerable for the damages occasioned by the fault of their servants in the exercise of the functions in which they are employed.
 

 As we have already shown, the answer distinctly admits that the defendant owned the truck, that the truck was under the control of its employee, and was driven and operated at the time by its employee.
 

 And, more than this, the answer of the defendant practically, and for all intents and purposes, assumes entire responsibility for the accident, and exonerates the driver of the truck from any negligence or responsibility, for it is specifically alleged that the truck of which defendant was owner, and which was under the control of its employee at the time of the collision, was properly equipped, was properly parked at the right-hand side of the street, with all lights burning and that the defendant, who was in control of the car through its employee, in no way contributed to the occurrence of the collision.
 

 All of which is manifestly inconsistent with the defendant’s belated contention that there was no allegation or proof that the driver of the truck was acting within the scope of his employment.
 

 In view of this interpretation of the pleadings and our appreciation of the tes
 
 *925
 
 timony, it becomes unnecessary to discuss or to review tbe authorities cited by counsel on both sides in relation to the legal, though rebuttable, presumption arising from an allegation and its admission such as contained in paragraph 3 of plaintiff’s petition.
 

 We may say, however, that the great weight of authority, both from text-writers and the decisions of the highest courts of the states, seem to recognize the rule that, in an action for an injury or damage inflicted by an automobile, an allegation and proof showing the ownership of the automobile, and that it was being operated at the time by an employee of the owner, is sufficient to make out a prima facie ease and to raise the presumption that the servant was acting within the scope of his employment, and that the burden is then thrown on the owner to show to the contrary. See list of eases noted in L. R. A. 1918D, 924. See, also, list of cases noted in Berry, Automobiles, beginning at page 1011.
 

 Having determined the legal question presented adversely to the ruling of the Court of Appeal, it will be necessary to remand the ease to that court to determine the questions of fact in reference to defendant’s liability and the measure of that liability, which were not considered by that court.
 

 This was the course pursued in Fisette v. Mutual Life Ins. Co., 162 La. 620, 110 So. 880.
 

 While the writer of this opinion dissented from the decree remanding the case, he now accepts and acquiesces in the precedent there established.
 

 The judgment of the Court of Appeal herein under review is annulled, and the case is ordered remanded to the Court of Appeal to be decided according to views herein expressed and according-to law.
 

 .The costs of the proceedings had in the Supreme Court are to be paid by the defendant.