145 So. 513

## WYLIE v. SHREVEPORT RYS. CO.

### No. 31911.

Oct. 31, 1932.

Rehearing Denied Jan. 3, 1933.

Foster, Hall, Barret & Smith, of Shreveport, for plaintiff.

Wise, Randolph, Rendall & Freyer, of Shreveport, for defendant.

O'NIELL, C. J.

This is a suit for damages for personal injuries suffered by the plaintiff in stepping off of a street car. She claims that the step of the car was not down in a level position, as it should have been, but was standing upwards at an angle of about 45 degrees, when she stepped upon it, and that its going down under the pressure of her foot caused her ankle to turn, and caused an injury to her sciatic nerves. She avers that the failure of the step of the car to go down to its level or right position, when the door of the car was opened by the motorman for her exit, was due to negligence on the part of the railways company, either in a defective condition or in the careless manipulation of the mechanism by which the door was opened and the step turned down.

The evidence is convincing that the plaintiff's ankle did give way when she stepped from the car, and that the accident caused her severe pain, and a limp, which may be permanent. But there is much doubt as to what was the cause of the accident. The district court decided that there was no fault on the part of the railways company or negligence on the part of the motorman; and the Court of Appeal, in a unanimous opinion, affirmed the judgment (140 So. 715).

The car on which the plaintiff rode was what is called a one-man car, being operated by one man, who performs the duties of both a conductor and a motorman. He opens and closes the door for passengers entering or leaving the car. When the door opens, the step swings outward and downward to the proper position for a passenger to step upon it, and when the door closes the step swings upward and back against the side of the car. The power which operates the mechanism is compressed air, which is turned into cylinders by means of a lever in the hand of the motorman. The manipulation of the lever, as we understand, shuts off the electric current, applies the air brakes to the wheels, lets down the step, and opens the door of the car, all in proper order and as one operation. The only question in this case is whether the mechanism worked as it should have worked on the occasion of the accident. The evidence convinced the district judge and the judges of the Court of Appeal that the mechanism by which the door and step of the car were operated was in good working order, and worked well, on the occasion of the accident. The door moved a little slower, in opening, than the door opposite to it; but the difference was so slight that it was hardly noticeable. The mechanism was adjusted so that, in the process of opening the door, the step would go all the way down to its proper position for a passenger to step upon it before the door would be within four or five inches from being entirely open. The opening was twenty-five inches wide when the door was entirely open. An air cushion checked the speed of the opening door, just before it finished opening, to prevent slamming, and breaking of the glass. But the door did not stop or hang up in the process of opening; it merely slowed down so as to open gently, after the step had gone down to its proper position for the passenger to step upon it.

The evidence is very convincing that the only way that a passenger could have stepped from the platform to the step of the car before the step had gone down to its proper position would have been to step out before the door had opened completely, or while it was being opened. The Court of Appeal found from the evidence that that was how the accident happened in this instance. The district judge did not give written reasons for his judgment, but he must have found either that there was no fault or negligence on the part of the defendant or that the accident was caused primarily by negligence on the part of the plaintiff.

There is no question of law in the case. The Court of Appeal agreed with the plaintiff's counsel that the burden of proof was on the railways company, not to show how or why the accident happened, but to show that it was not caused by any such fault or negligence on the part of the railways company as was charged in the plaintiff's petition; and the Court of Appeal found that the railways company had discharged its obligation in that respect.

Section 2 of Act No. 191 of 1898, p. 437, makes it plain that it is not intended, by the provisions of section 11 of article 7 of the Constitution, that we should review a decision of the Court of Appeal in any case where, if an error was made, it was not an error of law but an error of fact. The statute provides for our issuing the writ to review judgments of the Court of Appeal "on

questions of law or jurisprudence or concerning the jurisdiction of said Court of Appeal." As a rule, therefore, we never issue a writ of review in a case where the decision will depend upon a question of fact; but, after we have issued the writ, in a case depending upon a question of law, we have to consider and decide the questions of fact, as well as the questions of law in the case, because we must then exercise the same jurisdiction as if the case had come up on appeal, or, as the Constitution says, "the same power and authority in the case" as if it had come here on appeal. Pipes v. Gallman, 174 La. 257, 140 So 40, 42.

We issued the writ in this instance because some of us, at least, were under the impression that the Court of Appeal had not applied the rule that, when a passenger for hire sues the carrier for damages resulting from the carrier's failure to carry the passenger safely to his destination, or failure to allow him to get off safely there, the burden of proof rests upon the carrier to show that there was no such negligence on the part of the carrier as is specified in the plaintiff's petition. Having ordered the whole record sent here for review, we have read and considered the evidence as thoroughly as if the case had come here on appeal; and we do not find any error in the judgment complained of. The most significant of the facts which are undisputed are these: The conductor and the only remaining passenger on the car did not know that the accident had happened until they were informed of it the next day. A young woman got off of the car a few blocks ahead of the plaintiff, and being in a hurry she found the door opening too slow and shoved it open and the step went down to its proper position. When the man passenger got off of the

car a few blocks after the plaintiff got off, the door and step worked perfectly. The car was inspected with regard to the working of the doors and steps before the accident, on the same morning, and was inspected again on the day after the accident, as soon as it was reported, and there was no defect found in the mechanism. There is therefore no reason for our taking issue with the district court and the Court of Appeal on the facts of the case.

The judgment is affirmed.