## BOOTH v. OWENS.*
### No. 4532.

Court of Appeal of Louisiana.   Second Circuit.

March 31, 1933.

Watkins & Watkins, of Minden, for appellant.

Kennon & Kitchens, of Minden, for appellee.

MILLS, Judge.

The two minor daughters of plaintiff, Florence, aged 15, and Oleta, aged 12, were, at about 10 o'clock in the morning of May 21, 1932, walking in a westerly direction out Bayou avenue in the city of Minden. There is no regular sidewalk along the north side of the street; pedestrians using indiscriminately a dirt footpath running along where the sidewalk should be, and what is designated by the witnesses as a sandy swag along the side of the graveled road.   The Booth

children, walking in the swag, Florence on the right side and Oleta beside her on the left, had reached a point almost opposite the driveway leading to the Owens residence on the left-hand side of the road in the direction they were going when Florence was struck and seriously injured by an automobile coming up behind them, driven by Oneal Owens, the 16 year old daughter of defendant.

The Owens girl, intending to turn into the driveway of her home, cut her car to the right some little distance before she reached the two Booth girls and so that its course was aimed directly at them. The car was moving slowly at a speed variously estimated at from 5 to 10 miles per hour. Oneal sounded her horn when about 30 or 40 feet from Florence and Oleta. She did not change her course, the wheel marks showing that she continued to drive directly at the girls up to the moment she struck, simultaneously, Florance and a tree standing on the north side of the road. She testifies herself that she did not apply her brakes until the instant of impact.

The Booth girls evidently did not hear the horn. Oleta heard the car when it was right on them in time to jump to the left and avoid being struck. Florence did not hear it, and did not change her position, and was struck in her tracks.

Oneal, only 16 years of age, was not an experienced driver. Her mother, who was with her in the car at the time of the accident, testifies that she only allowed her to drive in the outskirts of the town. Two neighbors testify that this occasion was the first time they had seen her drive. We are satisfied from the testimony that, after swinging out to make the left turn, and blowing her horn, she expected the Booth children to get out of the way. When they failed to hear or heed the warning, in her inexperience she became confused and failed to alter her direction or apply the brakes until too late to avoid hitting Florence.

■ The Booth children, being in the ditch on the extreme right-hand side of the road, left ample space in the road proper for the Owens car to pass without danger. The car was traveling so slowly that it could have been stopped immediately by an application of the brakes. We cannot find any negligence in the conduct of Florence. She was not walking in the path of traffic, but in the ditch alongside of the usually traveled part of the road. She had no reason to anticipate the situation which arose. That she failed to hear the horn was not her fault. That she did not hear it should have been apparent to the driver from her failure to look back or move out of the way.

The father asks no damages in his own

right, suing only for the benefit of his minor daughter.

The judgment appealed from, allowing $2,000, not only is correct, but the written opinion supporting it is so eminently fair that we quote from it:

"There is not any serious conflict in the evidence as to how the accident occurred. Bayou avenue was laid out on the map of that part of the city as being 50 feet wide. Actually as constructed it is about 28 feet wide, exclusive of the part left for sidewalks. Where the accident occurred the center part of the street is graveled, and there is a slight depression or ditch on the north side, which is the right-hand side when looking west, and there is a dirt trail or sidewalk to the right of the depression, which shows evidence of being used by pedestrians, and there are several good-sized trees in a row just between the depression and the sidewalk (this information from a visit by the court to the scene of the accident).

"Florence and her sister were walking west in this depression, which is as good a walk as the sidewalk, and were near the extreme north side of the depression. Defendant's daughter was on the way to her home, which is only a few feet west of the scene of the street. It is apparently necessary to drive to the right of the center of the street in order to safely make the left turn into her home. She was at that time an inexperienced driver. When some 90 feet east of where the Booth girl was struck, she began to drive to the right, and apparently drove straight into the tree and the girl at about the same time. There is some dispute about whether or not she sounded the horn. I am of the opinion that she did. According to all the witnesses, she was driving very slowly, anywhere from five to ten miles an hour. She says she applied the brakes at about the time she struck the tree and the girl. When struck, the girl was very near the tree, likely on the south or left side of it. The small girl saw the car in time to jump (as she says) to the left, and out of its path. She was walking on the left side of her sister, who was injured. There is some dispute about whether Florence looked back at the car when the horn sounded. From all of the evidence I am of the opinion that she looked back only when the car was upon her and she had no time to get out of the way. It is true that there was a walkway on the right-hand side of the road that she might have taken, in which event she would not have been injured, but she was walking outside of the path of regular vehicular travel, and to hold her guilty of contributory negligence under the circumstances would amount to denying pedestrians any rights upon the highways. Her negligence was not the proximate cause of the accident. There is no good reason why the automobile should not have been brought to a complete stop before it reached the point where it struck the girl, if the brakes had been timely applied, which it is admitted was not done. Having reached this conclusion it remains only to fix the quantum of damage that should be allowed. I am of the opinion that nothing can be awarded for expense and inconvenience, because this is due, if at all, to the father, and he has asked for the use and benefit of the minor. These claims will be rejected. He has asked for $3,500 for the injuries, pain, suffering, etc., to his daughter. The evidence is in substantial agreement with the allegations of the petition as to the injuries the daughter incurred. No doubt the remedies applied in an effort to repair the broken leg were painful, and at the time of the trial she had not fully recovered, and Dr. Baker estimated that her right leg is 75 per cent. disabled, and he says she will never recover full use of the knee, and that leg is fully three-fourths of an inch shorter than the other one.

"Counsel for defendant has suggested in brief that, if any recovery is had, the ability of the defendant to pay should be taken into consideration, and this has been said to be true by our appellate courts. There is not any evidence in the record as to the ability of the defendant to pay. Outside the record I know that the defendant is unable to respond to any judgment that might be rendered against him, but this is not in the record in the way of evidence. However, counsel for plaintiff has also asked that this be considered, and for that reason I am going to consider this outside knowledge in assessing the amount.

"Ordinarily, I would say that the sum prayed for, say $3,500, would not be excessive for the injuries incurred, but in this case I believe that, taking into consideration the ability of defendant to pay a judgment for $2,000 would be right.

"For the reasons assigned, there will be judgment in favor of plaintiff for $2,000, with legal interest from judicial demand and all costs of this suit."

Plaintiff does not ask any increase in the amount allowed.

The judgment is affirmed.