On Motion to Recall and Vacate the Writs of Review.
On the motion of the relator, alleging that the above numbered and entitled cases presented the same issues, which motion was not opposed by either of the respondents, the cases were consolidated and submitted to the court to be disposed of in one judgment.
It is alleged in the motion to recall and vacate the writs of review issued in said cases that the cases present only questions of fact; that the cases were tried de novo in the city court of New Orleans and, on appeal, in the Court of Appeal for the parish of Orleans; that no testimony was reduced to writing in either court; and that no statement of facts was agreed upon and filed in the record. These allegations are borne out by the record, and the record discloses that neither court handed down written reasons for judgment. In the case of Broderick v. Blunt,120 La. 1051, 46 So. 20, this court said:
"Appeals from the city courts of the parish of Orleans to the Court of Appeal are tried de novo, and the evidence is not reduced to writing. Such appeals may be decided by one of the judges, and written opinions are seldom handed down. It results that, in a case where there is no written opinion and no agreed statement of facts, this court cannot intelligently pass *Page 636 
on an application to review a judgment based on the evidence."
The character of the business that the relator is authorized to transact in this state, and the coverage undertaken by relator in the policies sued upon, are questions of fact of which the record does not inform this court. The relator, in substance, contends that the courts erred in their application of the law to the facts. In the case of Gaiennie Co., Ltd., v. Bouchereau,130 La. 446, 58 So. 143, the court cited Broderick v. Blunt, and said:
"The appeal was from the city court, and was tried de novo in the Court of Appeal. The evidence was not reduced to writing, and the record contains no statement of facts. Hence we have no means of knowing what facts were proven before the appellate tribunal."
In the case of Wylie v. Shreveport Rys. Co., 176 La. 193,145 So. 513, 514, this court referred to section 2 of Act No. 191 of 1898, and said:
"The statute provides for our issuing the writ to review judgments of the Court of Appeal `on questions of law or jurisprudence concerning the jurisdiction of said Court of Appeal.' As a rule, therefore, we never issue a writ of review in a case where the decision will depend upon a question of fact; but, after we have issued the writ, in a case depending upon a question of law, we have to consider and decide the questions of fact, as well as the questions of law in the case, because we must then exercise the same jurisdiction as if the case had come up on appeal, or, as the Constitution says, `the same power and authority *Page 637 
in the case' as if it had come here on appeal."
For the reasons assigned, the writ issued in each of the consolidated cases is recalled and vacated, and the relator's application in each of said cases is dismissed, at its cost.
O'NIELL, C.J., is of the opinion that the pleadings and briefs show sufficiently that the only question in these cases is a question of law.
 On Rehearing.