ANTOINE v. LOUISIANA HIGHWAY COM-
MISSION et al.

No. 1977.

Court of Appeal of Louisiana.
First Circuit.

May 4, 1939.

J. E. Huckabay, of Baton Rouge, J. Gilbert St. Julien, of Lafayette, and N. S. Hoffpauir, of Crowley, for appellant.

Lewis & Lewis and J. Y. Fontenot, all of Opelousas, for appellees.

OTT, Judge.

Plaintiff alleges that he was struck by a truck owned by the Louisiana Highway Commission and driven by an employee, Edward Connally, then acting within the scope of his authority and for the use and benefit of said Commission, on September 26, 1936, at about the hour of seven o'clock A. M.; that he was walking in a southerly (later shown to be a northerly) direction three or four feet from the edge of the pavement on the east side of the highway just below the town of Opelousas. As a result of the accident, he alleges that he received severe lacerations of the left hip, general, deep and severe contusions of the body, and possible internal injuries and severe shock.

The plaintiff was authorized to bring the suit against the State of Louisiana, through the Louisiana Highway Commission, by Act No. 336 of 1938. The suit is for the sum of $10,011.55 against the State, through the Highway Commission, and Connally, in solido.

The negligence charged to the driver of the truck is that he was driving at an excessive speed around a curve just before striking plaintiff; that he was not keeping a proper lookout and did not have the truck under proper control in that he left the paved portion of the road and came over on the shoulder of the road where plaintiff was walking and struck plaintiff, knocking him almost in the ditch on that side of the road.

The Louisiana Highway Commission filed an answer denying generally all the allegations of the petition, except that part with reference to the passage of Act No. 336 of 1938, authorizing the suit against the State, which allegation was admitted. In the alternative and only in the event that the court should find that Connally was acting within the scope of his employment with the Louisiana Highway Commission, and further in the alternative that should the court find that said Connally was guilty of negligence that contributed to the accident, then said Highway Commission pleaded the contributory negligence of the plaintiff as the proximate cause of the accident in that he was walking on the wrong side of the road in violation of the law regulating traffic on the highways, and was not maintaining a proper lookout.

The defendant, Connally, filed an exception of no cause or right of action, which exception was not passed on by the trial court. The case went to trial as to the State, through the Highway Commission, resulting in a judgment against it in favor of plaintiff in the sum of $5,511.55. The Louisiana Highway Commission has appealed, and has filed in this court an exception of no cause of action. Plaintiff has filed an answer to the appeal, asking that the damages of $5,000 allowed for pain and suffering and disability be increased to at least $7,500.

From the brief and argument of counsel for the Highway Commission, we understand that the exception of no cause of action is based on the failure of the plaintiff to allege sufficient facts to show that Connally, at the time of the accident, was acting within the scope of his employment. However, as already stated, the petition does allege that the truck which struck plaintiff was owned by the Highway Commission and was being driven by this employee at the time and who was then and there acting within the scope of his employment and for the use and benefit of said Commission. In our opinion, this allegation, if proved, is sufficient to hold the Commission responsible for Connally's acts. The question is one that involves the lack of proof more than it does an omission in the pleadings.

The questions presented on the appeal may be discussed under three heads: (1) whether or not Connally at the time of the accident was acting within the scope of his employment in driving the truck of the Highway Commission; (2) if so, whether or not Connally was guilty of negligence causing the injury, and plaintiff was free from contributory negligence; and (3) the quantum of damages.

On the first point, the plaintiff proved that the truck which struck him belonged to the Highway Commission, and that it was being driven at the time by Connally, who was an employee of the Commission. No evidence was offered by plaintiff to show that Connally at the time was on a mission for the Commission. Under this state of facts, the following principle of law as announced and approved by the Supreme Court in the case of May v. Yellow Cab Co., Inc., 164 La. 920, 114 So. 836, 838,

applies here: "We may say, however, that the great weight of authority, both from text-writers and the decisions of the highest courts of the states, seems to recognize the rule that, in an action for an injury or damage inflicted by an automobile, an allegation and proof showing the ownership of the automobile, and that it was being operated at the time by an employee of the owner, is sufficient to make out a prima facie case and to raise the presumption that the servant was acting within the scope of his employment, and that the burden is then thrown on the owner to show to the contrary."

■■ No evidence was offered by the Highway Commission to rebut the presumption that its employee was at the time driving its truck as a part of and within the scope of his employment, other than the fact that Connally testified that he *usually* went to work at 7 o'clock in the morning and the accident occurred between 6:30 and 7 o'clock in the morning. In our opinion, this was not sufficient to rebut the prima facie case made on this point. So far as we know, Connally may have been on his way to his work in the truck, or he may have been performing some particular mission in the interest of his employer. At least, it was incumbent on the Commission to show that he was not doing so.

Counsel for the Commission cite and rely on the case of James et al., v. J. S. Williams & Son, Inc., 177 La. 1033, 150 So. 9, in support of their contention on this point. However, the proof showed in that case that the employee who was driving the funeral car belonging to the employer had taken another employee home and was on his way back to the premises of his employer when the accident occurred. The court found that, as a matter of proven fact, the employee was not acting within the scope of his employment when the accident occurred.

■■ On the second point, we have no difficulty in agreeing with the learned trial judge in his finding that the driver of the truck, going in a northerly direction around a curve and approaching plaintiff from the rear, ran off the pavement and struck plaintiff as he was walking on the shoulder of the road some two or three feet from the edge of the pavement. Not only is this fact established by the testimony of plaintiff and two other witnesses but also by the physical facts to the effect that the tracks made by the wheels of the truck showed that the truck got off the paved portion of the road at the point where plaintiff was struck. The evidence further shows that no warning was given by the truck driver.

■■ It is said in Blashfield's Cyclopedia of Automobile Law and Practice, Permanent Edition, Vol. 2, page 394, section 1255, that, as to pedestrians using the unpaved margin of the highway for their own safety, it is especially incumbent on the motorist to exercise reasonable care to avoid injuries to such pedestrians; that the striking of a pedestrian on a gravel strip along the side of a paved highway in broad daylight by a motorist coming from behind without warning raises an inference that the accident was caused by the negligence of the motorist.

It is true plaintiff was walking on the right hand shoulder of the road, whereas Act No. 21 of 1932, § 3, Rule 11(d), the law then in effect required pedestrians who use the highways to walk on their left hand side of the highway as near as possible to the edge thereof, under the penalty of being held and regarded as prima facie at fault and responsible for any consequences on account of their failure so to do. But this duty on the part of the pedestrian must be taken in connection with the duty of the motorist given in the first part of the paragraph to the effect that, "Upon approaching any pedestrian who is upon the traveled portion of any highway or road, the driver shall sound a warning, and when the operator's view is obstructed, whether upon approaching or entering a highway or curve in a highway or road, every person operating a motor vehicle shall slow down and give a timely signal with his horn or other device for signaling."

■ The plaintiff in this case was not on the traveled portion of the highway and had no reason to assume that the truck approaching him from the rear would get off the pavement and strike him on the shoulder of the road. Certainly, the fact that he was walking on the portion of the highway where motor vehicles are not presumed to travel, even though he was on his right instead of his left hand side, could not have been the proximate cause of the accident. See Savoie v. Walker, La.App., 183 So. 530.

■ Plaintiff suffered a severe laceration on the left buttock, a deep cut, which has left a rather large scar in that region,

and the nerves and muscles which control the left thigh have been so impaired that plaintiff will not be able to manipulate the body as formerly, and pain will be experienced on a change of temperature. He had two ribs on the left side fractured, but these seem to have healed. The doctor who treated him says that the hemorrhage from the wounds and the shock were the most serious part of the injuries. The doctor says plaintiff suffered severe pain for several weeks after the injury, and he thinks there is a permanent injury that is likely to cause pain. There was also some injury to plaintiff's elbow and arm and there is still some weakness in the injured arm.

The doctor is of the opinion that plaintiff is disabled from doing hard manual labor. Plaintiff himself says that he is not able to do hard manual labor since the accident, but has been able to do light work. He tended a small farm before the injury and at odd times worked in yards for white people around Opelousas, receiving from one to two dollars per day. Plaintiff was forty-nine years old at the time of the accident.

In fixing the damages the learned trial judge compared the nature of the injuries in this case to those received by the plaintiff in the case of Meaux v. Gulf Ins. Co. et al., La.App., 182 So. 158, where we allowed $4,000 to plaintiff who suffered a fracture of the right forearm and a serious fracture of two bones in his right leg in the region of the knee. The trial judge was of the opinion that the injury and disability in the present case are more serious than those in the Meaux case. We do not think so. Meaux not only stayed in the hospital about as long as plaintiff in this case did, but he also had a cast on his leg for eighty-eight days, and his leg was left in a shortened and permanently impaired condition, seriously affecting his ability to do manual labor. Meaux had a dependent family and a long life expectancy, which was also taken into consideration in that case.

In the case of Savoie v. Walker, supra, we awarded plaintiff $5,500 for a much more serious injury than that suffered by either Meaux or the plaintiff in this case. It was necessary for Savoie to stay in the hospital for more than four months, and he was left with a shortened leg, instability in the knee, impaired gait and limited motion in his right hip, his condition making it necessary for him to wear a leg brace.

We have decided to reduce the allowance for pain and suffering and disability from $5,000 to $3,500. The items of expense seem to have been fully proven.

For the reasons assigned, it is ordered that the judgment appealed from be amended by reducing the amount thereof from $5,511.55 to $4,011.55, and as thus amended, the judgment is affirmed; plaintiff to pay the cost of the appeal, and appellant to pay all other cost.