Willie LeBlanc and his wife filed this suit against the defendant for damages in the sum of $15,136 on account of the death of their minor son, Easton LeBlanc, who, they allege, was killed on December 24, 1939, when the motorcycle which he was riding ran into a mule team and wagon owned by the defendant and being driven by Howard Boutte on a graveled highway in Iberia Parish. The suit was dismissed on an exception of no cause or right of action, and the case is before this court *Page 171 
on an appeal taken by plaintiffs from that judgment of dismissal.
The petition alleges that the deceased, Easton LeBlanc, was going in a northwesterly direction on said graveled highway, driving his motorcycle, with Wilfred Stein sitting on the luggage seat; that Howard Boutte, who was at that time in the employ of the defendant, Howard Olivier, and performing services arising out of his employment, was driving a pair of mules and a wagon belonging to the defendant and was going in the opposite direction from that of Easton LeBlanc. After making these allegations, the further allegation is made in Article 5 of the petition that Howard Boutte was at the time "performing his duties as agent and employee of said Howard Olivier, or, wasusing said wagon and mules with the express consent and approvalof said Howard Olivier". (Emphasis ours).
The next five articles of the petition read as follows:
"That said Boutte was driving the mules and wagon on his own right side of the road at a walk, when the motorcycle being driven by Easton LeBlanc, deceased, approached said wagon and got within one hundred (100') feet thereof, said mules suddenly veered to the said Howard Boutte's left and dashed suddenly across the road directly into the path of the motorcycle being driven by petitioners' son.
"That said motorcycle crashed into the mule hitched to the right side of said wagon and that petitioners' son sustained a broken neck when his neck hit the `breast chain' on the harness of the mule, which caused the immediate death of said Easton LeBlanc, deceased.
"That petitioners' son was proceeding down the road at a reasonable and proper rate of speed, and that although he did all within his power to avoid said accident, the fact that he was suddenly confronted by the presence of said mules and wagon entirely across the road in his path, prevented him from avoiding said accident.
"That said mules, as aforesaid are in fact dangerous because of being skittish or timid, which fact is and was within the knowledge of said Howard Olivier; that when said mules shied at the presence and sight of said motorcycle the said Howard Boutte completely lost control of them, allowing them to cross the road into the path of petitioners' son's motorcycle causing the accident hereinabove mentioned.
"That the sole and proximate cause of said accident was the negligence and want of proper care on the part of said Howard Olivier in allowing said mules, known by him to be of bad character to be present on the highway of the State of Louisiana, in the hands of persons unable to properly control them and to the negligence of the said Howard Boutte in not getting down and holding said mules to keep them from shying at the sight of said motorcycle when the said Howard Boutte knew that said mules were especially afraid of and skittish at the sight of bicycles and motorcycles."
All well-pleaded facts in a petition must be accepted as true in considering the sufficiency of the petition in setting out a cause or right of action, and an exception of no cause or right of action will not be sustained if any part of the petition sets out a cause and right of action against the person or persons sued.
From those parts of the petition which have been quoted and summarized above, it is clear that plaintiffs have alleged that the mules and the wagon belonged to the defendant and that they were being driven at the time by Boutte as the agent and employee of the defendant and while acting in the scope of his employment. It was not necessary for plaintiffs to allege the details of that employment or give the particular duties which Boutte was then performing for his employer. The allegation of ownership of the mule team by the defendant and that the team was being driven by Boutte as his agent and employee is sufficient to create a presumption that Boutte was then acting for his employer and in the discharge of his duties in the capacity of agent and employee and the question of whether or not he was so acting is open for denial and proof on the part of the defendant. May v. Yellow Cab Co., Inc., 164 La. 920, 114 So. 836; Antoine v. Louisiana Highway Commission, La.App., 188 So. 443.
It is contended that the allegation in Article five of the petition which we have quoted and emphasized above has the effect of destroying the allegations that Boutte was an employee of the defendant and acting for his employer at the time of the accident, by the inconsistent allegation that Boutte was using said mule team with *Page 172 
the express consent and approval of the defendant. This allegation is made in alternative language and does not have the effect of destroying the other allegations in the petition to the effect that Boutte was an employee of the defendant and was driving the team at the time of the accident in his capacity of agent or employee. Robertson et al. v. Missouri Pac. R. Co., La.App., 165 So. 527.
As the defendant would be liable for the acts of Boutte under the allegations of the petition, we must therefore ascertain whether or not the petition shows any actionable negligence on the part of Boutte and the defendant, or either of them. The principal negligence charged to the defendant and his employee, Boutte, is that both of them knew that the mules were afraid of motorcycles and automobiles and would become frightened at them; that Boutte lost control of the mules when they shied at the motorcycle, and allowed the mules to cross the road to their left directly in front of the oncoming motorcycle driven by the deceased. While the language used does not specify any particular acts of Boutte in his failure to keep the mules under control and keep them on the right side of the road, it was not necessary for the plaintiffs to set out the particular acts of negligence of Boutte in this respect. Whether his failure to keep the mules under control was due to his inattention, failure to use the reins and properly guide them, knowing their disposition, or his failure in some other way to exercise proper care in keeping the mules from dashing in front of the oncoming motorcycle, is more a matter of evidence within the knowledge of the defendant than a matter of specification in the pleadings of the plaintiffs. Whether or not Boutte did take the proper precautions to control these mules which he is alleged to have known to be skittish and easily frightened at motor vehicles on the road is a matter of proof to be determined on the trial of the case.
It is not necessary to determine whether or not the mere act of defendant in permitting these wild mules to be driven on a public highway by a person alleged to be incompetent to handle them is in itself sufficient negligence to set out a cause of action against defendant. But, as already stated, the petition goes further and alleges negligence on the part of defendant's agent and employee in failing to properly control said mules when they became frightened at the motorcycle.
It is also contended by the defendant that the allegations of the petition affirmatively show that the accident was caused by the negligence of the deceased in dashing into the mules after they had veered across the road in front of him. We cannot agree with this contention. The petition alleges that the deceased was proceeding down the road on the motorcycle at a reasonable rate of speed and on his right side of the road, and that when he was within 100 feet of the mules, they suddenly dashed across the road in front of him; that he made an effort to stop before striking the mules, but could not do so on account of the short distance and suddenness of their crossing the road in his lane of traffic. These are not the words used in the petition, but that is the effect of the allegations made as we interpret them.
Whether or not the deceased was guilty of negligence which was a proximate or contributing cause of the accident can be determined from the evidence produced on the trial of the case. Contributory negligence is a special defense, and it is not necessary for the petition to negative contributory negligence. For an exception of no cause or right of action to be sustained on this ground, the petition must affirmatively show on its face that the negligence of the injured person was the proximate cause of the accident. We do not think the petition in this case shows such affirmative negligence on the part of the deceased.
For the reasons assigned, it is ordered that the judgment appealed from be and the same is hereby annulled, avoided and reversed, and it is now ordered that the exception of no cause or right of action filed herein, be and the same is hereby overruled, and the case is remanded to the lower court for further proceedings in accordance with law and the views herein expressed; cost of the appeal to be paid by the defendant, and all other costs to await the final termination of the case. *Page 173