I wholly concur in the conclusion reached in the main opinion. For my own part, I doubt the wisdom of permitting a defendant, who has allowed a default judgment to be rendered against him, to pursue the *Page 781 
remedy of nullity prescribed in Article 607 of the Code of Practice by attacking the truthfulness of the allegations of the petition which was filed against him. And, while I am aware that the courts have given a most liberal interpretation to the Codal article respecting nullity so as to include within its purview cases where perjury has been committed and injustices have occurred, I know of no case where the courts have gone so far as to sanction the action of nullity based on the ground that the allegations of the petition on which the demand is founded are false and untrue. Petitions are, in most instances, prepared by counsel and, while the law requires that an affidavit of the plaintiff be made thereto, it is a well known fact that many allegations are made which are either incorrect or are not capable of being proved. But no one, I daresay, would have the temerity to suggest that charges made in a petition which cannot be sustained are fraudulent for the defendant has his day in court to combat the case alleged against him. Yet, if Picolo's contention is correct in this case, the mere fact that Vinson swore to the allegations contained in the petition as being true when, as a matter of fact, he might not have been able to successfully sustain them, if Picolo had elected to defend the case in the first instance, subjects the judgment to this belated attack of nullity, notwithstanding that the judge of the lower court has issued his certificate stating that the evidence tendered in support of the default judgment was sufficient.
I cannot believe that Article 607 of the Code of Practice was ever intended to expand the remedy of nullity to this length. Fraud, as used therein, means, to my mind, fraud in procurement; the practice by one of the litigants of an artifice or some sort of deception upon the other. Here no such fraud, as contemplated by the Code of Practice, could have been perpetrated by Vinson because Picolo was served with the papers and was, therefore, well aware of the charges made by Vinson which he was summoned to defend.
Furthermore, it appears to me that the allegations of fraud contained in Picolo's action of nullity are groundless. He charges that Vinson swore falsely (1) when he alleged that the offending automobile belonged to the community, and (2) when he asserted that Mrs. Picolo was engaged on a community errand at the time of the accident. It is shown by the evidence taken during the trial of the action of nullity that the automobile was purchased in Picolo's name and, even if it had been purchased in his wife's name, it would still, under our law, be presumed to belong to the community.
With respect to the charge of the petition that Mrs. Picolo was engaged on a community mission at the time of the accident, this was not strictly an allegation of fact but, rather, a conclusion of the pleader. The question, as to whether Mrs. Picolo was acting for the community interest or not, was one for the court to decide upon the evidence presented at the trial. Surely, it was neither such an allegation which could be regarded as a false statement of fact for which Vinson could be condemned for false swearing nor one which would possibly deceive or defraud Picolo.
In addition, I do not think that this allegation is a necessary one in a suit brought against the husband by a person who has been injured through the negligent operation of community property by the wife. It seems to me that the rule to be invoked, in cases of this kind, is similar to that which pertains in suits ex delicto, brought by parties who have been injured by vehicles of others which are operated, at the time of the accidents, by the owners' employees. In those matters, the plaintiff is required only to prove — (1) the ownership of the offending car by the defendant, (2) that the operator of the car was in the employ of the defendant, and (3) that the injury was received as the result of the employee's negligence. Upon adducing such proof, plaintiff makes out a prima facie case of liability as it is to be presumed that the employee is acting within the course and scope of his employment. The question of whether the servant is engaged upon the duties assigned to him by his master is considered to be a matter of special defense on the theory that the plaintiff is not in a position to present evidence of this fact, whereas, the defendant is fully able to do so. See May v. Yellow Cab Co., Inc., 164 La. 920, 114 So. 836; Mancuso v. Hurwitz-Mintz Furniture Co., La.App., 181 So. 814 and O'Sell v. Cassagne, La.App., 12 So.2d 51.
It strikes me that the same rule is applicable in cases involving accidents, which are due to the negligence of a married woman while operating an automobile *Page 782 
belonging to the community. The fact that the offending vehicle is community property and is being operated by the wife, who is a member of the partnership, seems to me to be sufficient to authorize the finding that she was using it for the benefit of the community, in the absence of evidence to the contrary, and to cast upon the defendant husband the duty of going forward by tendering evidence to establish that the wife was not engaged upon such a mission at the time of the accident. Surely, the injured party (like the plaintiff in case of master and servant) is without means to present evidence concerning the nature of the wife's mission — whereas the defendant husband is fully acquainted with the use and can readily produce proof to establish his contention. Hence, if a presumption arose (from the fact that Mrs. Picolo was operating an automobile belonging to the community at the time of the accident) that she was engaged on a community mission, the conclusion of fact alleged by Vinson in his petition that she was engaged on such a mission can be regarded as surplusage as it was not necessary in order to support his cause of action.
For these reasons, I respectfully concur in the decree.