CULPEPPER, Judge.
This is a suit for damages caused when a pedestrian was struck by an automobile driven by defendant’s insured. After a trial on the merits the district judge held for the plaintiffs. The defendant appealed. Plaintiffs answered the appeal, asking increases in the awards.
The situs of the accident is on St. John Street near its intersection with North First Avenue in a residential area of the city of Lake Charles. At this location St. John Street runs east and west and is paved with asphalt, about 20 feet in width. There are no concrete curbs or gutters. Along the north side of St. John Street is a dirt or gravel shoulder, two or three feet wide, which gradually slopes down into a shallow ditch that is kept mowed by adjacent home owners. There is no sidewalk along either side of the street.
The accident occurred on July 14, 1961 at about 9:00 p. m. Yvonne Jacobs was walking in a westerly direction along the north side of St. John Street, about 50 feet east of said intersection. Although defendant’s insured driver and his companion testified that Yvonne Jacobs was walking on the paved portion of the street, the trial judge found as a fact, and we think the evidence fully supports his conclusion, that Yvonne was walking on the shoulder, two or three feet from the north edge of the pavement. The evidence also shows that she was wearing a yellow blouse, dark colored slacks and pink shoes. She was 29 years old, has been partially deaf since childhood and is of the colored race.
Defendant’s insured, Willis Harvey Jacobs, 20 years of age, was driving in a westerly direction along St. John Street at a speed of about 20 miles per hour. He testified that as he neared the scene of the accident he was blinded by the headlights of two approaching vehicles. Young Jacobs stated he switched his lights from dim to bright and the closer vehicle dimmed its lights, but the farther vehicle kept its lights on bright. He reduced his speed and as the second vehicle passed him, he saw Yvonne Jacobs for the first time, five or ten feet ahead. He cut to the left and applied his brakes, stopping ten or fifteen feet beyond the point at which he struck her. The right front of the vehicle struck Yvonne’s hip, knocking her about fifteen feet sideways across the ditch.
The first issue is whether young Willis Jacobs, the driver of the vehicle, was negligent. Defendant contends he was traveling at a reasonable speed; was temporarily blinded by the lights of the approaching vehicles; thereupon reduced his speed; saw Yvonne for the first time, only five or ten feet ahead, as the second car passed; hit his brakes and turned to the left but it was physically impossible to avoid striking her. Defendant cites Benjamin v. Southern Farm Bureau & Casualty Insurance Co., 113 So.2d 19 (1st Cir.La.App.1959) and several other cases for the proposition that a night motorist temporarily blinded by approaching lights does not have to stop and is not required to see a poorly visible object which is negligently in the highway ahead.
We do not find it necessary to decide whether defendant’s contention would be correct if the facts showed Yvonne Jacobs was on the paved portion of the highway, because, as stated above, we think the trial judge was correct in finding that Yvonne Jacobs was not on the pavement, but was *614 on the shoulder, two or three feet from the north edge of the blacktop. As the district judge pointed out, the facts also show that young Willis Jacobs was thoroughly familiar with the area; had traveled on St. John Street at night many times before; knew there was no sidewalk; was aware that this was a thickly populated residential area and that pedestrians were accustomed to walking along the shoulder of the street. Under these circumstances, he was certainly required to anticipate that a pedestrian might be walking along the shoulder and that, if he left the pavement and drove onto the shoulder, he might strike such a pedestrian.
We are aware that the so-called “assured clear distance rule”, requiring a motorist to drive at such a speed that he can stop within the range of his vision, has been considerably eroded by a number of exceptions in various cases holding that a night motorist will not be held liable where he strikes a poorly visible negligent obstruction in the highway which is so unusual or extraordinary that he is not required to anticipate it. See Eubanks, et al. v. Wilson, et al., 162 So.2d 842 (3rd Cir.La.App.1964) both the majority and concurring opinions, for a full discussion of the “assured clear distance rule” and the many exceptions thereto, with citation of authority. But here, Yvonne Jacobs was not on the paved portion of the highway, which it might be argued the motorist could reasonably expect to be clear of negligent obstructions, but instead she was on the shoulder of the street where this particular motorist actually knew pedestrians usually walked. Young Jacobs should have either stopped, or slowed his vehicle to such a speed that he could have stopped immediately within the range of his vision, before he proceeded onto the shoulder of the road where he knew pedestrians were accustomed to walk. It is our conclusion that the motorist was negligent.
The next issue is whether Yvonne Jacobs was guilty of contributory negligence in walking on her right-hand side of the street in violation of Ordinance No. 1058, Chapter 12, Section 21-14, of the city of Lake Charles. This ordinance is similar to LSA-R.S. 32:237, Sub-paragraph D. Plaintiff cites Antoine v. Louisiana Highway Commission, 188 So. 443 (1st Cir.La.App.1939) and Booth v. Owens, 146 So. 761 (2nd Cir.La.App.1933) for the proposition that these statutes apply only where the pedestrian is walking on the portion of the highway usually traveled by motor vehicles. We express no opinion as to the correctness of these decisions or their applicability in the present case, because it is our opinion that even assuming Yvonne Jacobs was negligent in walking “with traffic”, only two or three feet from the edge of the pavement, such negligence, under the circumstances of this case, was not shown to be a contributing cause of the accident. Of course, the burden was on the defendant to prove that Yvonne Jacobs was negligent and that such negligence was a cause of this unfortunate occurrence. It is not shown that if Yvonne Jacobs had been walking against traffic, she would or should have seen the approaching vehicle turn onto the shoulder of the road in time to jump out of its path. What evidence is in the record would indicate that young Jacobs turned onto the shoulder when he passed the second approaching vehicle whose lights blinded him, which was about the same time he struck Yvonne. Under these circumstances, it is very unlikely that Yvonne would have had time to jump out of the way, even if she had been facing the approaching vehicle. At any rate, the burden was on the defendant to prove that any negligence on the part of Yvonne Jacobs was a contributing cause of the accident and this it has failed to do.
A similar conclusion was reached under very similar facts in the case of Antoine v. La. Highway Commission, supra, where a pedestrian was walking three or four feet from the edge of the pavement, on his right-hand side of the highway, when he was struck from the rear by a vehicle. The *615 court held that any negligence on the pedestrian’s part “ * * * even though he was on his right instead of his lefthand side, could not have been the proximate cause of the accident. See Savoie v. Walker, La.App., 183 So. 530.” In Hollins v. Crawford, 11 So.2d 641 (2nd Cir.La.App. 1942) an interdict pedestrian, walking on his right-hand side of the pavement, suddenly lunged into the path of a vehicle approaching from his rear, when the motorist sounded his horn very close to the pedestrian and apparently frightened or startled him. The court based its decision for the plaintiff on the doctrine of “proximate cause”.
In view of our conclusion to decide this case under the doctrine of “proximate cause” it is unnecessary for us to discuss the very interesting arguments of counsel relating to the concept of last clear chance.
The last issue is the quantum of damages. The district judge awarded $2,000 to Yvonne Jacobs for her pain, suffering and disability. The record shows that the vehicle struck her hip and knocked her forward and to the right. She fell on her face. The principal injury was a com-minuted nasal fracture. In addition, she suffered a laceration of the lip and bruises of her forehead, hip, right shoulder and arm. Immediately after the accident she was taken to the hospital where the cut lip was sutured. She remained in the hospital for treatment and observation for a period of ten days until July 24, 1961. No attempt was made during this time to repair the nose fracture because of swelling. On July 27 she was again hospitalized for reduction of the nasal fracture and application of a splint, or “stent”, to keep the nose in place. This splint was removed after seven days. She was discharged from the hospital but remained in bed at her mother’s home for several days. In January of 1962 she complained of pain in the lumbar region of the back but Dr. Edmond C. Campbell, a specialist in orthopedics, could find no orthopedic difficulty. The medical testimony also shows that a good result was obtained from the reduction of the nasal fracture and that she has no residual, cosmetic or functional, from this injury. The only residual is a slight scar on the lip and even this is not shown to be permanent.
The record also shows that Yvonne Jacobs returned to work on September 6, 1961 and has remained employed ever since. She lost about eight weeks wages.
Under these facts we are unable to say that the award of $2,000 by the district judge is an abuse of his discretion or is all out of proportion with awards for similar injuries in previous cases. See Gaspard v. LeMaire, 245 La. 239, 158 So.2d 149.
We also find no error in the district judge’s award of $1,172.60 in special damages to Leslie A. Jacobs, as husband and head of the community existing between himself and Yvonne Jacobs.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant appellant.
Affirmed.