AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of defendant Joseph and Joseph’s alleged employee, John Sumner, damages for personal injuries sustained February 9, 1962, when plaintiff was struck by a truck operated by Sumner and crushed against an Oldsmobile from which he had just alighted. There was judgment in favor of plaintiff against Sumner for $5,500, but in favor of Joseph rejecting plaintiff’s demands. From this judgment,, plaintiff prosecutes this appeal.
Primarily presented on this appeal is the question of Joseph’s liability. Prerequisite to a consideration of the issues thus presented is a statement of the material facts.
Plaintiff Richardson was employed by Joel L. Boies, owner of a service station located at Linwood and Hollywood Avenues in the City of Shreveport. The accident occurred about 8:20 a. m. Plaintiff, while returning a customer’s Oldsmobile to the station for servicing, experienced difficulty in the operation of the car, due possibly to an improperly functioning carburetor. Plaintiff drove the car to the north side of Hollywood Avenue, departed therefrom, and was approaching the front of the car when struck by a panel truck operated by Sumner. Sumner backed the truck out of the driveway on the south side and across the street into the Oldsmobile, striking plaintiff and crushing him against the car.
Sumner’s negligence, not seriously disputed, was thoroughly established. This fact is no longer an issue in the case inasmuch as Sumner has neither appealed nor answered plaintiff’s appeal.
*323 Concerned as to Joseph’s liability is the question of an employer-employee relationship between him and Sumner. Joseph contends Sumner was not in his employ. Joseph owns and operates a dry cleaning establishment at 1254 Milam Street. His business was dependent upon business delivered to him by customers in the vicinity of his plant and upon deliveries made to him by parties whom he characterized as independent contractors, one of whom was defendant Sumner. The record establishes that each of these parties was permitted to solicit, outside Joseph’s immediate vicinity, laundry for processing at Joseph’s plant. Each of these parties furnished his own car and paid all expenses while soliciting laundry. There was no restriction on their solicitation, except as heretofore noted, as to when or where they performed their duties. Their compensation was predicated upon a commission of 50% of the usual prices paid for laundry services. These parties, on making collections at the end of the week or at the beginning of the next week, would deliver to Joseph his 50% of the collections for the laundry services rendered by Joseph. Joseph neither controlled nor had the right to control the parties in the performance of their work.
Plaintiff nevertheless contends that Joseph owned the Sumner truck; that the truck was in Joseph’s service at the time of the accident. Plaintiff points out that the body of the truck bore the inscription “Joseph Cleaners,” and, moreover, that the title to the truck was in Joseph at the time of the accident. Therefore, plaintiff relies upon a presumption, arising from these facts, that Joseph was actually the owner of the truck and that, at the time of the accident, the truck was operated in his service. Such presumption, however, is not conclusive and may be rebutted. Cofield v. Burgdorf, 238 La. 297, 115 So.2d 357; May v. Yellow Cab Co., Inc., 164 La. 920, 114 So. 836; Mayberry et al. v. McDuffie et al., La.App.2d Cir., 1961, 135 So.2d 366; Simms v. Lawrence Bros. et al., La.App.2d Cir., 1954, 72 So.2d 538; Coon v. Monroe Scrap Material Co. et al., La.App.2d Cir., 1939, 191 So. 607 (writ denied) ; Antoine v. Louisiana Highway Commission et al., La.App.1st Cir., 1939, 188 So. 443; Brown et ux. v. Indemnity Ins. Co. of North America et al., La.App.2d Cir., 1938, 178 So. 768; Blashfield’s Cyclopedia of Automobile Law and Practice, Vol. 9B, p. 517 et seq., §§ 6053 and 6056. Under the showing made, it is incumbent upon Joseph to rebut this presumption with positive proof. May v. Yellow Cab Co., Inc., supra; Parks v. Hall et al., La.App.2d Cir., 1937, 179 So. 868 (writ granted); Middleton et al. v. Humble, La.App.2d Cir., 1937, 172 So. 542. Whether Joseph has successfully rebutted this presumption is dependent upon the determination of a finding of fact, purely and simply.
This issue was resolved in favor of Joseph. From our own review of the record, we find ourselves in accord with the conclusions reached by the trial court. The record establishes these facts: Sumner first began to solicit laundry by the use of a Buick automobile. He found a panel truck which he desired for use in connection with his work in soliciting laundry as well as his work as a photographer and as an itinerant minister. In the purchase of the truck, Joseph merely assisted Sumner. Although title was taken in Joseph’s name, the truck was Sumner’s. In addition to the language advertising Joseph’s business, there was also imprinted on the truck, indicative of his ownership, Sumner’s name with reference to his photography.
Whether Sumner may be characterized as an employee of Joseph or an independent contractor is an immaterial matter, for, at the time of the accident, Sumner was not engaged in any service or undertaking for Joseph. Sumner’s visit in the residence from whose driveway he backed his truck was not shown to have any connection with defendant’s laundry business. No laundry was received by defendant from that address on that day. The evidence discloses *324 a purpose in the visit entirely foreign and unrelated to Joseph’s business.
The judgment appealed is accordingly affirmed at plaintiff-appellant’s cost.
Affirmed.