AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover of the defendant property damage to his automobile sustained when struck by a vehicle owned and allegedly driven by defendant. Defendant’s answer was in the nature of a general denial. Nevertheless, in answer to written interrogatories, defendant admitted that he was driving his car at the time of the accident. However, as reflected in a stipulation of facts, plaintiff, on trial of the case, testified, in contradiction of his allegations, that defendant’s car was, at the time of the accident, driven by a woman unknown but accompanied by defendant. Plaintiff’s testimony was considered a judicial confession exonerating defendant from liability notwithstanding defendant’s admission that he was the driver of his car at the time of the accident. Whereupon, *602 the taking of additional evidence was discontinued and plaintiff’s demands rejected.
The questions presented for resolution on an appeal taken by plaintiff relate to the effect of plaintiff’s testimony with respect to the driver of defendant’s car at the time of the accident. Defendant cites and relies upon the provisions of LSA-C.C. Art. 2291 as interpreted in the jurisprudence. This article reads as follows:
“The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
“It amounts to full proof against him who has made it.
“It can not be divided against him.
“It can not be revoked, unless it be proved to have been made through an error in fact.
“It can not be revoked on a pretense of an error in law.”
An identical contention was upheld in Thompson v. Haubtman et al., 18 La.App. 119, 137 So. 362, wherein plaintiff, a guest passenger, sought to recover of her host, as well as against the driver and owner of another automobile, damages for personal injuries sustained in a motor vehicle collision. With reference to plaintiff’s testimony in the Haubtman case, wherein plaintiff completely exonerated her host from all responsibility, the observation was made in the case of Stroud v. Standard Accident Insurance Co., La.App., 2d Cir., 1956, 90 So.2d 477, that the unqualified testimony, clear and unequivocal, completely and wholly exonerated the driver from any act of negligence.
The instant case is, as was the Stroud case, distinguishable from the Haubtman case. In these cases, the testimony did not clearly, unequivocally, and completely exonerate defendant from liability. In the Stroud case, a contrary conclusion was reached after giving consideration to all the testimony. In the instant case, plaintiff was precluded from offering additional testimony.
Moreover, it may be appropriate to-observe that under the facts and circumstances disclosed in this record, the testimony relied upon by defendant does not necessarily exonerate him from liability. If that testimony be true, defendant, at the time of the accident, was present in his car, driven at the time by another, and was, therefore, in control of its operation.
A motor vehicle involved in an accident is presumed, in the absence of proof to the contrary, to have been in the service of its owner. Cofield v. Burgdorf, 238 La. 297, 115 So.2d 357; May v. Yellow Cab Co., Inc., 164 La. 920, 114 So. 836; Simms v. Lawrence Bros. et al., La.App. 2d Cir., 1954, 72 So.2d 538; Coon v. Monroe Scrap Material Co. et al., La.App. 2d Cir., 1939, 191 So. 607 (writs denied). See, also: Richardson v. Joseph et al., La.App. 2d Cir., 1964, 165 So.2d 321. This is especially true where the defendant accompanies the driver. Service Fire Insurance Company et al. v. Johnson et al., La.App. 3d Cir., 1962, 138 So.2d 410; Rodriguez v. State Farm Mut. Insurance Co., La.App. 1st Cir., 1955, 88 So.2d 432 (writs denied); Waguespack et al. v. Savarese et al., La.App. Orleans, 1943, 13 So.2d 726; Riggs v. F. Strauss & Son et al., La.App. 2d Cir., 1941, 2 So.2d 501.
Therefore, while plaintiff’s testimony is not in accord with his allegations or defendant’s judicial admission, this testimony cannot be said to clearly, unequivocally, and completely exonerate defendant from liability. To the contrary, this testimony tends to establish defendant’s liability.
For these reasons, the judgment appealed is annulled, avoided, reversed, and set aside; and this cause is accordingly remanded to the Honorable, the City Court *603 of the City of Shreveport, and ordered reopened for the taking of such additional evidence as may be offered by either of the litigants on any of the issues involved, and for further proceedings consistent with law and the views herein expressed.
Defendant-appellee is assessed with the cost of this appeal; all other costs are to await final determination of this case.
Reversed and remanded.