KENDRICKS v. LEWIS.

No. 5487.

Court of Appeal of Louisiana. Second Circuit.

June 30, 1937.

D. W. Thomas and A. S. Drew, both of Minden, for appellant.

R. D. Watkins, of Minden, for appellee.

TALIAFERRO, Judge.

Plaintiff was run down and seriously injured at night on a highway by defendant's truck, while being negligently and careless-

ly operated by a negro man, named Enos Scott. He instituted this suit to recover damages on the theory that at the time of the accident Scott was an agent or employee of defendant and was on a mission for or in the performance of a duty to him. In other words, that the relation of respondeat superior existed between them. However, the petition does not allege that Scott was then on a mission for defendant or was acting within the scope of his employment. No exception was taken to the omission.

Defendant denies all of the essential allegations of the petition, except ownership of the truck. In explanation of Scott's possession of the truck, he avers that Scott had been working for him the morning prior to the accident and after working hours were over, Mrs. J. D. Tolbird, with whom defendant boarded, borrowed the truck from defendant for a trip to the city of Minden on business for herself exclusively, and arranged with Scott to drive it. He denies that he had any interest in the purpose of the trip to Minden and denies that he knew for what purpose the trip was being made, other than for Mrs. Tolbird.

Plaintiff's demands were rejected, and he has appealed to this court.

 Defendant is engaged in buying, cutting, and hauling pulp wood timber. To effectually carry on this business, he owns and operates trucks and maintains a camping headquarters in the woods. J. D. Tolbird was one of his employees. Defendant boarded with him and wife. Their living quarters were near to and possibly a part of the camp. Mrs. Tolbird, presumably in furtherance of the conduct of the household, frequently used the trucks, with or without defendant's knowledge and consent. The direct testimony adduced by plaintiff, coupled with admissions of the answer, establishes the negligent operation of the truck by Scott as the cause of the accident, injuries therefrom, and defendant's ownership of the truck. The sole testimony bearing upon the question of agency was elicited from defendant when interrogated as under cross-examination. He stated that Scott worked for him by the hour the morning preceding the accident. He did not testify that Scott was regularly employed by him. On this assumed prima facie case, plaintiff closed. Defendant introduced no evidence at all. Plaintiff relies for recovery on the rule, well established, that when the ownership of the offending vehicle is proven to be in defendant and its driver at the time of the accident in his general employ, the presumption arises therefrom that the driver was acting within the scope of his employment and was then on a mission for the master. Of course, this presumption is rebuttable. It simply means that the defendant must adduce proof of sufficient weight to overcome the prima facie case made out by the aid of the presumption. Conceding that the testimony is sufficient to prove that Scott was in the general employ of defendant, which is not at all certain, we think defendant's evidence adequate to and did in fact overcome the presumptive case against him. He testified that he was not well the evening of the accident and was in bed when Mrs. Tolbird asked for permission to use the truck; that he gave his consent to her request and dismissed the matter from his thoughts; that Mrs. Tolbird induced Scott to drive the truck to Minden on some business of her own, which was of no interest or concern to him; and that he really did not know where the truck was going nor who would drive it. His testimony in these respects is not contradicted to any extent.

The very recent case of Middleton v. Humble, 172 So. 542, decided by this court, is practically on all-fours with the present one. That case and others cited therein support defendant's position herein.

 Mrs. Tolbird was present when the case was tried. It is argued that because she was not tendered by defendant as a witness, a presumption arose that her evidence would be unfavorable to him. Admitting the tenableness of this argument, we are unwilling to concede that the effect of the presumption is to turn the scales again to plaintiff. The witness was available to plaintiff and if her testimony would have strengthened his position, she could as well have been sworn in his behalf.

Judgment affirmed, with costs.

DREW, J., recused.