GULOTTA, Judge.
This is an appeal from a judgment in favor of plaintiffs and against defendants, Josef E. Schwendinger, a taxicab driver and Service Cab Company, Inc., in solido, for damages and injuries sustained in an automobile accident. No defense witnesses testified. Neither the facts surrounding the occurrence nor the amounts of the awards are disputed in this appeal.
The thrust of defendants’ appeal is directed against the failure by plaintiff to produce evidence that (1) Schwendinger was an agent or an employee of Service Cab, or (2) that Service Cab owned the taxicab, or (3) that a Service Cab was involved in the accident, or (4) that the driver was operating the cab during the course of his employment. According to defendants, the plaintiffs failed to carry the burden of proof sufficient to support an award against Service Cab. They claim, because of the insufficiency of proof, the judgment against the cab company should be dismissed. We reject this argument. Accordingly, we affirm.
LSA-C.C. art. 2291 provides as follows:
“The judicial confession is the declaration which the party, or his special attorney in fact, makes in a judicial proceeding.
“It amounts to full proof against him who has made it.
“It can not be divided against him.
“It can not be revoked, unless it be proved to have been made through an error in fact.
“It can not be revoked on a pretense of an error in law.”
The court in Farley v. Frost-Johnson Lumber Co., 133 La. 497, 63 So. 122 (1913), in interpreting LSA-C.C. art. 2291 stated that a judicial confession in the pleadings has the effect of dispensing with the necessity of producing evidence to prove those facts admitted in the pleadings. See also Prieto Lumber Company v. Shoultz, 111 So.2d 857 (La.App. 1st Cir. 1959), and J. H. Jenkins Contractors, Inc. v. Farriel, 261 La. 374, 259 So.2d 882 (1972).
Applying the codal article and the jurisprudence interpreting that article to the instant case we conclude that defendants’ first complaint, i. e., failure to prove that Schwendinger was not an agent or an employee of Service Cab, is without merit. Our interpretation of the pleadings is that this relationship of Schwendinger to Service Cab is admitted by defendants.
Paragraph I of plaintiffs’ petition in pertinent part alleges:
“That defendant, Josef E. Schwendinger, of full age of majority and a resident of Jefferson Parish, Louisiana, and his employer, both made defendants herein, are indebted jointly and in solido * * * ”
Defendants, in Paragraph I of their answer, admit their status. The answer reads as follows:
“Respondents deny the allegations of paragraph I of plaintiffs’ petition except respondents admit their status.”
Defendants’ second and third complaints, i. e., that no evidence was introduced by plaintiffs to show that Service Cab Company owned the cab or that a Service Cab was involved in the accident, *591 is clearly refuted by the testimony. Roy McCorkle testified as follows:
“Q. Now, did you see the car that hit you?
“A. Well, I saw it. I didn’t go back to the car but as far as the lights was shining and I got kinda a look at it.
“Q. What kind of car was it ?
“A. It were (sic) a cab.”
Further, in answer to the following question, plaintiff stated:
“Q. How did you know it was a cab?
“A. Well, after I had gotten out; stopped and gotten out to look back and I saw the sign on the side and the light on top.”
McCorkle’s testimony is supported and corroborated by that of his wife, Carolyn S. McCorkle, a passenger in the automobile driven by her husband at the time of the accident. Her testimony is as follows:
“Q. Did you see it after the accident?
“A. Afterwards.
“Q. And what kind of car was it ?
“A. It was a Service Cab.”
This testimony stands uncontradicted. As pointed out hereinabove, no witnesses testified on defendants’ behalf. Since no contradictory evidence was offered by defendants, we conclude, as did the trial judge, that sufficient evidence was introduced by plaintiff to show that a Service Cab was involved in the accident.
Finally, we find no merit in the defendants’ fourth assignment of error that plaintiffs failed to show that the driver was operating the cab during the course of his employment. In Paragraph III of plaintiffs’ petition, plaintiffs allege that the Service Cab was operated by defendant, Schwendinger, “during the course of his employment.” In Paragraph III of defendants’ answer and third party demand respondents deny the allegations of Paragraph III of plaintiffs’ petition except “that which may hereinafter be admitted.” It is necessary to look to Paragraph V to ascertain what is admitted. Paragraph V reads as follows:
“Further answering, respondents aver that on the date and about the hour as set out in plaintiffs’ petition, a taxicab was proceeding on Veterans Highway in the left traffic lane, when suddenly and without warning an automobile which was traveling on Houma Boulevard made a left turn and ran into the path of the taxicab; that the taxicab driver immediately applied his brakes and did everything possible in order to avoid the accident but was unable to do so.”
It is clear from this paragraph that there is an admission that a taxicab was involved in an accident at the place, date and time specified in plaintiff’s petition and that the cab involved was being driven by a taxicab driver. It is true, that Paragraph V does not contain an admission that the taxicab driver was in “the course of his employment.” However, when we consider the allegations of the petition together with the answer which acknowledges the employer-employee or agency relationship together with the evidence that a Service Cab was involved in the accident, a prima facie case is established that the driver of the taxicab was in the course of his employment, absent any testimony to the contrary. Upon a prima facie case being established, it is defendants’ burden to move forward with the evidence to rebut the presumption created by evidence establishing a prima facie case. See Middleton v. Humble, 172 So. 542 (La.App. 2nd Cir. 1937); Whittington v. Western Union Tel. Co., 1 So.2d 327 (La.App. 2nd Cir. 1941); Tolar v. K & G Contractors, 214 So.2d 176 (La.App. 4th Cir. 1968). Defendant failed to rebut the presumption. Under the circumstances, we find no error in the trial judge’s conclusion that suffi *592 cient evidence was offered by plaintiffs to support a judgment against the defendant cab company. Accordingly, the judgment is affirmed.
Affirmed.