# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 11-1086

LAKEISHA BROOKS

VERSUS

POPEYE'S, INC., ET AL.

**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 72626
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

## ELIZABETH A. PICKETT
## JUDGE

**********

Court composed of Sylvia R. Cooks, Elizabeth A. Pickett, and Phyllis M. Keaty, Judges.

Cooks, J., dissents and assigns reasons.
Thibodeaux, Chief Judge, dissents for the reasons assigned by Judge Cooks.

REVERSED.

Stanford B. Gauthier, II
Attorney at Law
1405 West Pinhook Road, Suite 105
Lafayette, LA 70503
(337) 234-0099
Counsel for Defendant/Appellant:
    Atchafalaya Enterprises, Ltd.

**Michael L. Barras**
**Attorney at Law**
**P. O. Box 11340**
**New Iberia, LA 70562-1340**
**(337) 369-6400**
**Counsel for Plaintiff/Appellee:**
    **Lakeisha Brooks**

**PICKETT, Judge.**

Employer appeals judgments awarding former employee damages, penalties, and attorney fees under the Louisiana Employment Discrimination Law (LEDL). La.R.S. 23:301-350. As discussed below, we reverse the judgments.

## FACTS

Lakeisha Brooks sued her former employer, Atchafalaya Enterprises, Ltd. d/b/a Popeye's Famous Fried Chicken (Atchafalaya), alleging Atchafalaya violated the LEDL. Specifically, Ms. Brooks alleged that Atchafalaya violated the provisions of La.R.S. 23:341-42 when it refused to allow her to temporarily transfer to a less strenuous position during her pregnancy and refused her request to return to work after her child was born.

In her petition, Ms. Brooks asserted that she was hired by Atchalafaya in December 2006 as an assistant store manager and that at or about that time, she became pregnant. Ms. Brooks also asserted that in May 2007, when she was seven months pregnant, she requested that she be allowed to perform light-duty work because of her pregnancy-related limitations, and her request was accepted. She further asserted, however, that one week later, she was required to go on pregnancy leave and to return her store keys. Ms. Brooks next alleged in her petition that initially, after she began her pregnancy leave, her position remained open, but it was later filled with a non-pregnant employee. She also alleged that when she sought to return to work, she was informed there was "no room for her" at any of Atchafalaya's stores.

On Friday, October 2, 2009, this matter was tried on the merits. After Ms. Brooks completed her presentation of evidence, Atchafalaya made an oral motion for involuntary dismissal, arguing Ms. Brooks had not proved that it was an employer for the purposes of the LEDL; therefore, her claims should be denied.

The trial court did not rule on the motion at that time but instructed the parties to submit post-trial briefs.

After consideration of the parties' post-trial briefs, the trial court issued Findings of Fact and Reasons for Judgment in which it determined that Atchafalaya was an employer as defined by the LEDL. The trial court further found Atchafalaya had discriminated against Ms. Brooks on the basis of her pregnancy in violation of the LEDL and awarded her $15,000 in general damages, $20,800 in lost wages, as well as attorney fees, judicial interest from the date of judicial demand, and all costs of the proceeding. A judgment in favor of Ms. Brooks was signed January 10, 2011. After a hearing on the issue of attorney fees, the trial court awarded Ms. Brooks $12,000 in attorney fees, judgment for which was signed September 17, 2010.

Atchafalaya appealed the two judgments.

## ASSIGNMENTS OF ERROR

In its assignments of error, Atchafalaya asserts the trial court committed manifest error in:

1. Finding that Atchafalaya is considered an "employer" under Louisiana Revised Statutes 23:341, as no evidence was introduced to prove that Atchafalaya employed more than twenty-five employees within Louisiana for each working day in each of twenty or more calendar weeks in the current or preceeding calendar year as required by the statute.

2. Finding that Brooks satisfied her burden of proof under the *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 93 S.Ct. 1817 (1973) test.

3. Finding that Atchafalaya discharged Brooks for a discriminatory reason.

4. Failing to find that Brooks failed to mitigate her damages and willfully remained unemployed when testimony concluded that multiple positions were available to her.

2

***Did Ms. Brooks Prove Atchafalaya was an Employer under the LEDL?***

Atchafalaya moved to dismiss Ms. Brooks' claims, urging that she had not proved it was an employer as defined in La.R.S. 23:341 because she had not proved it "employ[ed] more than twenty-five employees within this state for each working day in each of twenty or more calendar weeks in the current or preceding calendar year," as required by La.R.S. 23:341(A). Counsel for Ms. Brooks opposed the motion, arguing "it's a matter of fact that . . . [Popeye's] does meet the requirement." Counsel also indicated that he would recall Popeye's representative to ask him that question. The trial court, however, instructed the parties to address the issue in post-trial briefs and took the matter under advisement.

In its Findings of Fact and Reasons for Judgment, the trial court concluded that involuntary dismissal was not appropriate under La.Code Civ.P. art. 1672(B) which provides for dismissal of the action if "the plaintiff has shown no right to relief." The trial court's conclusion is based on Atchafalaya's written response to Interrogatory No. 10 which was propounded to it by Ms. Brooks. Interrogatory No. 10 read: "For the period between December 1, 2006 and August 31, 2007, please identify the name, address, and telephone number of each and every individual who was employed at the store location where Lakeisha Brooks was employed." In response, Atchafalaya identified 176 employees by name and address.

After reviewing this information, the trial court stated (emphasis added):

> Atchafalaya operated two Popeye's franchises and a service station under its company name. Atchafalaya failed to submit any evidence in rebuttal to this submission. This court finds the evidence sufficient to establish a prima facie case for *jurisdiction* establishing that Atchafalaya employed more than 25 employees within this state for each working day within twenty calendar weeks for the period December 1, 2006 [through] August 31, 2007.

The trial court cited two federal court decisions for its conclusion that Ms. Brooks satisfied her burden of proving Atchafalaya was an employer under the LEDL. Relying on *Weller v. Cromwell Oil Co.*, 504 F.2d 927 (6th Cir. 1974), and *Data Disc, Inc. v. Systems Technology Associates, Inc.* 557 F.2d 1280 (9th Cir. 1977), the trial court determined that Ms. Brooks made a prima facie case of jurisdiction by "[demonstrating] facts which support a finding of jurisdiction in order to avoid a motion to dismiss." Unlike this case, the issue in *Weller*, 504 F.2d 927, and *Data Disc*, 557 F.2d 1280, was whether nonresident defendants had sufficient contacts with the state in which they were sued in order for the courts to exercise personal jurisdiction over them, not whether the plaintiffs proved the elements of a claim for discrimination.

Louisiana courts look to federal jurisprudence interpreting Title VII of the Civil Rights Act of 1964 §§ 701-705, as amended, 42 U.S.C. §§ 2000e-2000e-4, to interpret the LEDL because it contains similar prohibitions against discrimination. *King v. Phelps Dunbar, L.L.P.*, 98-1805 (La. 6/4/99), 743 So.2d 181; *see also Bustamento v. Tucker*, 607 So.2d 532 (La.1992). As the trial court's reasons indicate, some federal appellate courts have considered the number-of-employees requirement of Title VII of the Civil Rights Act of 1964 to be jurisdictional in nature. *See Weller*, 504 F.2d 927; *Data Disc*, 557 F.2d 1280. To the contrary, other courts have considered the requirement to be substantive. *See Arbaugh v. Y&H Corp.*, 380 F.3d 219 (5th Cir. 2004).

The U.S. Supreme Court granted certiorari in *Arbaugh* and determined that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 516, 126 S.Ct. 1235, 1245 (2006). Accordingly, Ms. Brooks had to show that Atchafalaya employed "more than twenty-five employees within this

4

state for each working day in twenty or more calendar weeks in the current or preceding calendar year" to prove Atchafalaya was an employer subject to the LEDL. La.R.S. 23:341(A).

Atchafalya's response to Interrogatory No. 10 did not establish that Atchafalaya employed more than twenty-five employees within the state for any working day during any year, and Ms. Brooks did not present any other evidence on this issue. Therefore, she did not prove Atchafalaya was an employer subject to the LEDL.

Issues regarding the sufficiency of evidence are legal in nature. *Edwards v. Ford Motor Co.,* 06-101 (La.App. 3 Cir. 6/21/06), 934 So.2d 221, *writ denied*, 06-1847 (La. 10/27/06), 939 So.2d 1282. Appellate courts review questions of law to determine if the trial court's ruling was legally correct. *Id.* Ms. Brooks did not prove the LEDL applies to her claims and did not prove any other basis upon which she is entitled to judgment against Atchafalaya. Accordingly, the trial court's judgments against Atchafalaya are legally incorrect and must be reversed.

## DISPOSITION

The judgments of the trial court in favor of Lakeisha Brooks are reversed. All costs are assessed to Lakeisha Brooks.

**REVERSED.**

LAKEISHA BROOKS

VERSUS

POPEYES, INC., ET AL.

**COOKS, J., Dissents**.

Apparently, the majority attempts to distinguish the "weight of un-rebutted *prima facia* evidence" in civil rights cases depending on whether such evidence is used in establishing the court's jurisdiction to hear the case versus plaintiff's burden to prove each element of a claim. Finding that the U.S. Supreme Court has said that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue," the majority concludes that plaintiff did not prove her employer hired 25 or more people at the time of the alleged discrimination. The only thing wrong with the majority's conclusion is it is legally wrong. It is well settled law in Louisiana that "*prima facia*" evidence left un-rebutted is sufficient to carry ones ultimate burden of proof in establishing an element of a claim, which is exactly what occurred in this case. After plaintiff completed her case in chief, defendant moved orally for involuntary dismissal of the case—that motion was apparently deferred to the merits. Defendant did nothing else gambling apparently that "technicality" would win the case as opposed to presenting rebuttal evidence. Our courts have long held that *prima facia* evidence to prove an essential element of a claim is sufficient if un-rebutted. Such evidence establishes a "presumption" which is weighted in plaintiff's favor that the fact alleged is true and places a burden on defendant to move forward with evidence rebutting the "presumed fact." Without such rebuttal, the trial court is permitted to deem the fact sufficiently proven. See *Middleton v.*

1

*Humble*, 172 So. 542 (La. App. 2nd Cir. 1937); *Mc Corkie v. Service Cab Co., Inc.* 305 So. 2d 589 (La. App. 4th Circuit, l974).

The *Arbaugh* case cited by the majority adds nothing to the present discourse. That case simply says the "employee numerosity" requirement in a Title VII case is not jurisdictional—the lack of proof at the outset that the employer employs 25 employees will not preclude the court from hearing the case. None of the parties here challenged the jurisdiction of the 16th judicial district court to hear this case; and *Arbaugh* did not utter **one word** on the weight a Louisiana court should accord *prima facia* evidence in establishing the numerosity element when judging the merits of a discrimination claim under Title VII. Its reference here, therefore, stands for nothing.