COOKS, J.,
dissents.
| t Apparently, the majority attempts to distinguish the “weight of un-rebutted pri-ma facia evidence” in civil rights cases depending on whether such evidence is used in establishing the court’s jurisdiction to hear the case versus plaintiff’s burden to prove each element of a claim. Finding that the U.S. Supreme Court has said that “the threshold number of employees for application of Title VII is an element of a plaintiff’s claim for relief, not a jurisdictional issue,” the majority concludes that plaintiff did not prove her employer hired 25 or more people at the time of the alleged discrimination. The only thing wrong with the majority’s conclusion is it is legally wrong. It is well settled law in Louisiana that “primafacia” evidence left un-rebutted is sufficient to carry ones ultimate burden of proof in establishing an element of a claim, which is exactly what occurred in this case. After plaintiff completed her case in chief, defendant moved orally for involuntary dismissal of the case — that motion was apparently deferred to the merits. Defendant did nothing else gambling apparently that “technicality” would win the case as opposed to presenting rebuttal evidence. Our courts have long held that prima facia evidence to prove an essential element of a claim is sufficient if un-rebutted. Such evidence establishes a “presumption” which is weighted in plaintiffs favor that the fact alleged is true and places a burden on defendant to move forward with evidence rebutting the “presumed fact.” Without such rebuttal, the trial court is permitted to deem the fact sufficiently proven. See Middleton v. Humble, 172 So. 542 (La.App. 2nd Cir.1937); McCorkle v. Service Cab Co., Inc. 305 So.2d 589 (La.App. 4th Cir.1974).
The Arbaugh case cited by the majority adds nothing to the present discourse. *64 That case simply says the “employee nu-merosity” requirement in a Title VII case is not jurisdictional — the lack of proof at the outset that the employer employs 25 employees will not preclude the court from hearing the case. None of the parties here challenged the jurisdiction of the 16th judicial district court to hear this case; and Arbaugh did not utter one word on the weight a Louisiana court should accord prima facia evidence in establishing the numerosity element when judging the merits of a discrimination claim under Title VII. Its reference here, therefore, stands for nothing.