STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT


CA 11-1086


ON REHEARING



LAKEISHA BROOKS

VERSUS

POPEYE'S, INC., ET AL.



**********

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 72626
HONORABLE CHARLES LEE PORTER, DISTRICT JUDGE

**********

**ELIZABETH A. PICKETT
JUDGE**

**********

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Sylvia R. Cooks, Elizabeth A. Pickett, J. David Painter, and Phyllis M. Keaty, Judges.


**Cooks, J., dissents for the reasons assigned in her original dissenting opinion. Thibodeaux, Chief Judge, dissents for the reasons assigned by Judge Cooks.**



**REVERSED.**



**Stanford B. Gauthier, II
Attorney at Law
1405 West Pinhook Road, Suite 105
Lafayette, LA 70503
(337) 234-0099
Counsel for Defendant/Appellant:
     Atchafalaya Enterprises, Ltd.**

**Michael L. Barras**
**Attorney at Law**
**P. O. Box 11340**
**New Iberia, LA 70562-1340**
**(337) 369-6400**
**Counsel for Plaintiff/Appellee:**
       **Lakeisha Brooks**

**PICKETT, Judge.**

For the reasons assigned in the original opinion released by a five-judge panel of this court on March 14, 2012, the judgment of the trial court is reversed.

**REVERSED.**

LAKEISHA BROOKS

VERSUS

POPEYES, INC., ET AL.

**COOKS, J., Dissents**.

Apparently, the majority attempts to distinguish the "weight of un-rebutted *prima facia* evidence" in civil rights cases depending on whether such evidence is used in establishing the court's jurisdiction to hear the case versus plaintiff's burden to prove each element of a claim. Finding that the U.S. Supreme Court has said that "the threshold number of employees for application of Title VII is an element of a plaintiff's claim for relief, not a jurisdictional issue," the majority concludes that plaintiff did not prove her employer hired 25 or more people at the time of the alleged discrimination. The only thing wrong with the majority's conclusion is it is legally wrong. It is well settled law in Louisiana that "*prima facia*" evidence left un-rebutted is sufficient to carry ones ultimate burden of proof in establishing an element of a claim, which is exactly what occurred in this case. After plaintiff completed her case in chief, defendant moved orally for involuntary dismissal of the case—that motion was apparently deferred to the merits. Defendant did nothing else gambling apparently that "technicality" would win the case as opposed to presenting rebuttal evidence. Our courts have long held that *prima facia* evidence to prove an essential element of a claim is sufficient if un-rebutted. Such evidence establishes a "presumption" which is weighted in plaintiff's favor that the fact alleged is true and places a burden on defendant to move forward with evidence rebutting the "presumed fact." Without such rebuttal, the trial court is permitted to deem the fact sufficiently proven. See *Middleton v.*

*Humble*, 172 So. 542 (La. App. 2nd Cir. 1937); *Mc Corkie v. Service Cab Co., Inc.* 305 So. 2d 589 (La. App. 4th Circuit, l974).

The *Arbaugh* case cited by the majority adds nothing to the present discourse. That case simply says the "employee numerosity" requirement in a Title VII case is not jurisdictional—the lack of proof at the outset that the employer employs 25 employees will not preclude the court from hearing the case. None of the parties here challenged the jurisdiction of the 16th judicial district court to hear this case; and *Arbaugh* did not utter **one word** on the weight a Louisiana court should accord *prima facia* evidence in establishing the numerosity element when judging the merits of a discrimination claim under Title VII. Its reference here, therefore, stands for nothing.